**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-213-D |
| | ) | |
| MARKESE LAVERT MCCANE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Markese Lavert McCane's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) based on the Retroactive Application of USSG Amendment 821 [Doc. No. 48][1]. The government filed a response objecting to Defendant's request [Doc. No. 51]. Defendant filed a supplement to his Motion, which the Court construes as a reply in support of his Motion [Doc. No. 52]. The matter is fully briefed, and at issue.

## BACKGROUND

On November 30, 2022, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One). [Doc. Nos. 28 & 29]. Before sentencing, the United States Probation Office ("USPO") prepared a Presentence Report ("PSR") stating Defendant's base offense level was 14 and, after a two-point downward adjustment for acceptance of responsibility, his total offense level was 12. [Doc. No. 35, at p. 6]. The USPO calculated a total of 8 criminal history points and because Defendant was

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.

under a criminal justice sentence at the time he committed the offense, added two "status points" for a total of 10 criminal history points. *Id.* at p. 13. Defendant's criminal history category was therefore "V." *Id*.

An offense level of 12 and a criminal history category of V resulted in an advisory guidelines range of 27 to 33 months' imprisonment. *Id.* at p. 17.

At sentencing on February 8, 2023, the Court[2] varied upward from the sentencing guidelines and imposed a sentence of 72 months of incarceration followed by three years of supervised release. [Doc. Nos. 41, 42, & 53]. The Court reasoned that the upward variance was necessary because of Defendant's extensive criminal history, including four prior convictions involving a firearm, the nature and characteristics of the offense, and failure of prior sentences to act as a deterrent. *Id.*

After Defendant was sentenced, Congress amended the sentencing guidelines to modify the way "status points" are assessed for certain offenses. Under the amended sentencing guidelines, Defendant's criminal history category would be reduced from "V" to "IV." An offense level of 12 and a criminal history category of IV results in an advisory guidelines range of 21 to 27 months' imprisonment.

Defendant requests the Court reduce his sentence under Part A of Amendment 821. [Doc. No. 48]. The government objects to Defendant's request for a reduction in his sentence. [Doc. No. 51].

---

[2] District Judge Stephen P. Friot originally presided over this case, but it was transferred to the undersigned on May 1, 2025. [Doc. No. 49].

## STANDARD OF REVIEW

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

"Section 3582(c)(2) sets forth a 'two-step inquiry' in determining whether to reduce a defendant's sentence." *United States v. Rose*, No. 24-7079, 2025 WL 1291704, at *2 (10th Cir. May 5, 2025) (citing 18 U.S.C. § 3582(c)(2); *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018)). "'First, a court must determine whether a defendant is eligible for a sentence reduction.'" *Id.* (quoting *Green*, 886 F.3d at 1306). "'Second, the court must consider whether a sentence reduction is warranted in accordance with the 18 U.S.C. § 3553(a) factors.'" *Id.* (quoting *Green*, 886 F.3d at 1306). "The court's decision at the second step is discretionary." *Id.* (citing *Green*, 886 F.3d at 1306).

## DISCUSSION

The parties agree that Defendant is eligible for a sentence reduction under Amendment 821 and the Court's independent review of the record confirms the same. Accordingly, the Court focuses on the second step of the inquiry.

Despite conceding that Defendant is eligible for a sentence reduction under Amendment 821, the government argues that the § 3553(a) factors do not warrant a sentence reduction. The government asserts that Defendant's extensive criminal history

and the nature and circumstance of Defendant's offense, considering his prior multiple firearm offenses, support denying Defendant's request. Defendant asserts that even though the Court is unlikely to reduce his sentence within the amended guidelines range given the Court's upward variance, that some reduction in his sentence is warranted to reflect the sentencing guidelines change, and because he has not had any disciplinary sanctions in over a year.

Relevant § 3553 factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to address the various goals of sentencing, the sentencing range established by the sentencing guidelines, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

At the sentencing hearing, Judge Stephen P. Friot considered all of the § 3553(a) factors. The Court recognized that "the nature and circumstances of the offense" consisted of both "benign aspects" but also "potentially disastrous aspects." [Doc. No. 53, at p. 15:17-20]. Additionally, the Court considered the history and characteristics of Mr. McCane, and found that "all of which cuts rather strongly against Mr. McCane for sentencing purposes." *Id.* at p. 15:20-22. The Court noted that the need to promote respect for the law and need to impose just punishment "is subsumed in all the other sentencing factors." *Id.* at p. 16:4-6. Moreover, the Court provided that a shorter sentence of imprisonment would likely be a sufficient general deterrent, but was unsure what would accomplish a deterrent for Mr. McCane, as his prior 63-month imprisonment for being a felon in possession of a firearm did not deter his recidivism. *Id.* at p. 16:6-10. Furthermore, the Court found that

Defendant's extensive criminal history warranted a consideration of incapacitation. *Id.* at p. 16:11-22. Thus, the Court concluded that an upward variance in Defendant's sentence was warranted. However, the Court noted that the offense did not include the "egregious sort of facts that [he] would want to see with a guideline range of 27 to 33 months in order to impose, essentially, a multiple – upwards of four times the top of the guidelines." *Id.* at p. 15:7-11. Accordingly, the Court sentenced Defendant to 72 months imprisonment.

The Court agrees with and sees no sound reason to depart from Judge Friot's analysis of the § 3553(a) factors at sentencing and concludes that an upward variance from an advisory guideline sentence is warranted. However, to achieve a sentence that is "sufficient, but not greater than necessary" to meet the purpose of sentencing, the Court finds a proportional reduction in Defendant's sentence is warranted to reflect the new applicable guideline range. Absent a proportionate reduction, Defendant's sentence would be nearly three times the upper limit of the applicable guideline range. A sentence that is three times the upper limit of the guideline is what Judge Friot determined (and this Court agrees) would not be an appropriate sentence here, as the offense was not comprised of the "egregious sort of facts that [the Court] would want to see" to warrant such a significant upward variance. The Court's sentence of 72 months is approximately 2.18 times the upper limit of the then-applicable guideline range— *i.e.* 2.18 times 33 equals 72. Accordingly, a proportionate reduction would be 2.18 times the upper limit of the amended guideline range, *i.e.* 2.18 times 27 equals 59. Thus, a proportionate reduction reflecting the change is 59 months.

Additionally, the Court finds Defendant's lack of disciplinary sanctions and engagement in educational programming further supports the Court's reduction in his sentence.

After reviewing all of Defendant's arguments and evidence, and considering the factors enumerated in § 3553, the Court finds that a reduction of Defendant's sentence from 72 months to a term of 59 months is warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Markese Lavert McCane's Motion [Doc. No. 48] is **GRANTED**, and his previously imposed sentence of imprisonment of 72 months is **reduced** to 59 months. Except as otherwise provided, all provisions of the judgment dated February 9, 2023 shall remain in effect.

**IT IS SO ORDERED** this 26th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE